**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0582, <u>Appeal of Manchester School District</u>, the court on November 22, 2017, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. Manchester School District (district) appeals a decision of the Public Employee Labor Relations Board (PELRB), finding that the district engaged in an unfair labor practice by refusing Manchester Education Association's (association) demand for arbitration under the parties' collective bargaining agreement. Because we conclude that the district's appeal is procedurally barred pursuant to RSA 541:4 (2007), we dismiss it.

The pertinent facts are as follows. On October 5, 2015, the association filed an unfair labor practice complaint with the PELRB, alleging that the district violated the parties' collective bargaining agreement by refusing to arbitrate a grievance. The grievance arose from the district superintendent's decision to pursue a teacher's removal initially through dismissal, <u>see</u> RSA 189:13 (2008), but later through contract non-renewal, <u>see</u> RSA 189:14-a (Supp. 2016). Following a hearing, a hearing officer concluded that the grievance was subject to arbitration under either the parties' 2009-2013 or 2015-2018 collective bargaining agreement and, consequently, ordered the district to "cease and desist in its refusal to proceed to arbitration."

In a subsequent pleading captioned "Motion for Rehearing," the district requested the PELRB to review the hearing officer's decision pursuant to New Hampshire Administrative Rule, Pub 205.01(b) and advanced several grounds for reversal. On September 28, 2016, the PELRB issued a two-page decision entitled "Order on Motion for Review of Hearing Officer Decision." In a footnote inserted at the outset of the order, the PELRB provided the following explanation regarding its treatment of the district's motion in light of the motion's substance and the applicable administrative rules:

> Although the District's motion is titled "Motion for Rehearing," in its motion, the District argues that it is "entitled to a review of the hearing officer's decision" under Pub 205.01. See District Motion for Rehearing, page 3. District's "motion for rehearing" is treated as a motion for review of hearing officer's decision because (1) motions for rehearing are governed by Pub 205.02, and not Pub 205.01; and (2) a motion for review of hearing officer's decision

must precede a motion for rehearing but does not replace it where, like here, the decision on the merits of the case was issued by a hearing officer. See Pub. 205.01(d) and Pub. 205.02.

Due to the district's failure to support its motion with a complete transcript of the proceedings, the PELRB concluded that the hearing officer's findings of fact were not subject to review, see N.H. Admin. R., Pub 205.01(b), and, in turn, unanimously approved the decision and denied the district's motion. Without thereafter filing a motion for rehearing with the PELRB in accordance with RSA 541:4 and New Hampshire Administrative Rule, Pub 205.02, the district appealed to this court.

In its brief and by motion, the association argues that the district's failure to file a motion for rehearing with the PELRB is procedurally fatal to the instant appeal. We agree.

"RSA 541:4 precludes any appeal from an administrative agency to this court by a party who has not applied for a rehearing before the agency." Appeal of White Mts. Educ. Ass'n, 125 N.H. 771, 774 (1984). As we have observed, this statutory prerequisite is grounded in the sound policy that "administrative agencies should have a chance to correct their own alleged mistakes before time is spent appealing from them." Id. Per the PELRB's procedural rules, a party contesting a hearing officer's decision must, in the first instance, request review from the PELRB. See N.H. Admin. R., Pub 205.01. If unsatisfied with the PELRB's order on review, the moving party must then apply to the PELRB for a rehearing before appealing to this court. See id. 205.02.

Although in Appeal of SAU #16 Cooperative School Board, 143 N.H. 97 (1998), we declined to dismiss an appeal despite the appealing party's failure to file a motion for rehearing after the PELRB denied its motion for review, we advised future parties as follows:

> We take this opportunity to clarify that when a party's motion for [review] of a hearing officer's decision is denied by the PELRB, the moving party must still apply for rehearing to satisfy the requirements of RSA 541:4 because a [review] motion relates to errors of the hearing officer while a rehearing motion relates to errors by the PELRB. In the future when a record does not demonstrate that the appealing party has met the requirements of RSA 541:4 we will refuse the appeal or dismiss it on our own motion.

Id. at 101-02 (emphases added) (quotations and brackets omitted) (discussing former version of New Hampshire Administrative Rule, Pub. 205.01(a), which identified a "motion for review" as a "motion for reconsideration"). The PELRB

2

subsequently amended its rules to also make clear the steps an appealing party must take, and in what order, prior to appealing to this court. See, e.g., N.H. Admin. R., Pub 205.01(d) ("The request for review of the hearing officer's decision shall precede, but shall not replace, a motion for rehearing of the board's decision pursuant to Pub 205.02 and RSA 541[:4].").

The district argues that, because its "motion for rehearing" provided the PELRB with an "opportunity to review and correct all of its alleged mistakes," we should conclude that it complies with the spirit of RSA 541:4. (Emphasis added.) Belying the district's argument, however, is the substance of its motion, which, notwithstanding the caption, asserts the following:

> The District is entitled to a review of the hearing officer's decision where a hearing officer has misapplied applicable law and has made findings of material fact that are unsupported by the record. See [N.H. Admin. R.,] Pub 205.01(b).

The motion goes on to allege a number of errors made by the hearing officer. Consequently, the district's motion did not provide the PELRB with an opportunity to correct its alleged errors, but rather only those of the hearing officer. As a result, the motion fails to satisfy the requirements of RSA 541:4.

Nor, as argued by the district in the alternative, do we construe the PELRB's order to satisfy the requirements of RSA 541:4. As the hearing officer's alleged errors became those of the PELRB when it approved the former's decision, it was incumbent on the district at that time to provide the PELRB an opportunity to correct its own errors. See Appeal of SAU #16 Coop. Sch. Bd., 143 N.H. at 101-02. This included the opportunity to correct the rule violations the district now asserts the PELRB committed in approving the hearing officer's decision, such as allegedly failing to provide a "clear explanation" for its decision. See RSA 273-A:6, IX (2010) (requiring any order or decision issued by the PELRB to set forth the findings of fact and rulings of law on which it is based).

Finally, we disagree with the district that its error should be excused in this case due to the alleged confusing nature of the PELRB's order and its procedural rules. As to the order, we believe the PELRB clearly and concisely set forth its construction of the district's motion as one for review and, importantly, explained that such a motion must precede, but does not replace, a motion for rehearing. Cf. Appeal of SAU #16 Coop. Sch. Bd., 143 N.H. at 101 (declining to dismiss appeal where party "erroneously, but perhaps not unreasonably," assumed it had satisfied RSA 541:4 following PELRB's order summarily affirming hearing officer's decision without offering any additional reasoning). With regard to the PELRB's rules, we believe both this court and the PELRB have adequately clarified the procedure a party must follow to

3

satisfy the requirements of RSA 541:4.  The district has neither demonstrated that it met those requirements, nor established good cause for its oversight.

Accordingly, because the record does not demonstrate that the district has met the requirements of RSA 541:4, we dismiss its appeal.  Id. at 101-02.

Dismissed.

DALIANIS, C.J., and HICKS, LYNN, BASSETT, and HANTZ MARCONI, JJ., concurred.

**Eileen Fox,**
**Clerk**
